UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23076-CIV-CANNON/OTAZO-REYES

THE AFFILIATI NETWORK, INC., a
Florida corporation,

    Plaintiff,

v.

NATHAN BENSON, individually, and
FOREFRONT COMMERCE LLC, a
Washington limited liability company,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Verified Motion for Attorney's Fees and Costs Against Defendants ("Motion for Fees and Costs") [D.E. 35]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 36]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs be GRANTED, and that Plaintiff be AWARDED fees and costs in the requested amount of **$9,590.55**.

## PROCEDURAL BACKGROUND

On July 24, 2020, Plaintiff The Affiliati Network, Inc. ("Plaintiff") filed this action against Defendants Nathan Benson ("Benson") and Forefront Commerce LLC ("Forefront") (Benson and Forefront collectively, "Defendants") asserting claims for: Breach of Contract (Count I); Open Account (Count II); Account Stated (Count III); and Unjust Enrichment (Count IV). See Compl. [D.E. 1]. The parties settled the matter on November 6, 2020, see Notice of Settlement [D.E. 19], and Plaintiff filed a Notice of Voluntary Dismissal with Prejudice requesting that the Court retain

jurisdiction to enforce the terms of the parties' Settlement Agreement.  See Notice of Voluntary Dismissal [D.E. 22].  The Court dismissed the case with prejudice on November 16, 2022 and retained jurisdiction to enforce the terms of the parties' Settlement Agreement.  See Order [D.E. 23].

Defendants subsequently defaulted on the payments due pursuant to the Settlement Agreement and on February 25, 2022, Plaintiff filed an Amended Motion to Enforce Settlement Agreement and Entry of Consent Final Judgment (hereafter, "Amended Motion to Enforce Settlement") [D.E. 27].  After Defendants failed to respond to the Amended Motion to Enforce Settlement, the Court entered an Order on March 24, 2022 requiring: Forefront to retain counsel by April 5, 2022; Benson to retain counsel or file a Notice of Intent to Proceed Pro Se by April 5, 2022; and Defendants to respond to the Amended Motion to Enforce Settlement by April 20, 2022.  See Order [D.E. 28].  After Defendants failed to comply with the Order, the undersigned recommended that the Court grant Plaintiff's Amended Motion to Enforce Settlement and enter a Consent Final Judgment in the amount of $47,794.12.  See Report and Recommendation [D.E. 31].

On June 6, 2022, the Court entered its Order adopting the undersigned's Report and Recommendation.  See Order [D.E. 32].  On June 10, 2022, the Court entered Final Judgment awarding Plaintiff the amount of $47,794.12 and reserved jurisdiction to award attorneys' fees and costs.  See Final Judgment [D.E. 33].

On June 30, 2022, Plaintiff filed it Motion for Fees and Costs [D.E. 35] seeking fees in the amount of $8,070.00 and taxable costs in the amount of $1,520.55, for a total of $9,590.55.  After Defendants failed to respond to the Motion for Fees and Costs, the undersigned issued an Order requiring Defendants to Show Cause why the Motion for Fees and Costs should not be granted or in the alternative, file a response in opposition to the Motion for Fees and Costs by August 14,

2022.  See Order to Show Cause [D.E. 37].  A review of the docket shows that Defendants have failed to respond to the Order to Show Cause and have not responded in opposition to the Motion for Fees and Costs.

## DISCUSSION

**1.  Entitlement to Attorney's Fees and Costs**

"The general rule is that each party is responsible for its own attorney's fees in litigation, unless a statute or contract provides otherwise." Dorvil v. Nationstar Mortg., LLC, No. 17-23193-CIV, 2021 WL 2210980, at *2 (S.D. Fla. April 26, 2021).  "Under Florida law, a settlement agreement is treated 'as a distinct contract, separate from the parties' underlying agreements.'" Ekins v. Harbourside Funding, LP, 608 F. App'x 803, 805 (11th Cir. 2015) (citation omitted).  In interpreting a settlement agreement, courts give the terms "their plain and ordinary meaning and will not add or subtract language from a clearly worded agreement." Waters v. Int'l Precious Metals Corp., 237 F.3d 1273, 1277 (11th Cir. 2001).

In the instant case, the parties entered into a Settlement Agreement that provides:

> Attorneys' Fees and Costs.  The substantially prevailing Party in any action to enforce the terms and obligations of this Agreement shall be entitled to recover its, hers, or his reasonable attorneys' fees and costs, including expert fees, incurred prior to litigation, during any legal proceeding or litigation, or any appeal.

See Settlement Agreement [D.E. 27-1 at 5].  Based on the clear and unambiguous language of the Settlement Agreement and Defendants' breach thereof, see Order [D.E. 32], Plaintiff is entitled to reasonable attorney's fees and costs incurred enforcing the Settlement Agreement.

**2.  Attorney's Fees**

"A reasonable award of attorney's fees is calculated using the lodestar method, which requires the court to multiply the reasonable hours expended by a reasonable hourly rate." Gary Brown & Assocs., Inc. v. Ashdon, Inc., No. 05-CV-8039, 2006 WL 8435138, at *1 (S.D. Fla. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  "[T]he Court is an expert on the

issues of the prevailing market's reasonable hourly rates for similar work and hours expended." Learning Connections, Inc. v. Kaufman, Englett & Lynd, *PLLC*, No. 11-CV-368, 2012 WL 13102412, at *4 (M.D. Fla. 2012) (citing Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Having reviewed the Plaintiff's billing statements in Composite Exhibit "B" to the Motion for Fees and Costs [D.E. 35-2], the Declaration of Stephen Padula Esq. in support thereof [D.E. 35-3] and applying her own knowledge and expertise and noting Defendants' failure to respond in opposition to the Motion for Fees and Costs, the undersigned concludes that the requested amount of $8,070.00 in attorney's fees is reasonable.

### 3. Taxable Costs

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff seeks to recover $1,520.55 in costs for fees of the clerk, fees for service of process, and fees for printing required for service of process. See Composite Exhibit "A" to the Motion for Fees and Costs [D.E. 35-1]. As noted above, these items of costs are recoverable pursuant to Section 1920. Moreover, given Defendants' non-opposition, the amounts sought are deemed

reasonable.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E. 35] be GRANTED and that Plaintiff be AWARDED fees and costs in the requested amount of **$9,590.55**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 25th day of August, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Aileen M. Cannon
Counsel of Record

Copies furnished via U.S. mail to:

Forefront Commerce LLC
c/o Legalinc Corporate Services Inc., Reg. Agent
1001 4th Ave.
Suite 3200
Seattle, WA 98154

5

and

Nathan Benson
1001 4th Ave.
Suite 3200
Seattle, WA 98154

Copies furnished via Email to:

Nathan Benson
natebenson@gmail.com
nben888@gmail.com